### JIM DENNIS v. THE STATE.

No. 2353. Decided February 19, 1902.

**1.—Fence—Pulling Down, etc.—Construction of Statute.**

Article 794, Penal Code, with regard to pulling down, etc., the fence of another without his consent, protects not only inclosed lands upon which agricultural products are raised, but other lands as well; and whenever a party breaks, pulls down, or injures the fence of another, he comes within the denunciation of the statute.

**2.—Same—Joint Fence—Right to Withdraw From.**

Under provisions of Penal Code, article 797, the joint owner of a fence, that is, owner of a fence connected with any fence owned by another person, may, after giving six months' notice in writing to such other person, withdraw and cut loose his fence from such other person's fence; and in doing so, after the expiration of such notice, he would not be guilty of a violation of article 794, prohibiting the breaking or injuring the fence of another.

Appeal from the County Court of Hood. Tried below before Hon. Phil. Jackson, County Judge.

Appeal from a conviction of injuring the fence of another; penalty, a fine of $10.

No statement required.

No briefs on file for appellant found with record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged under that portion of article 794, Penal Code, which provides: "If any person shall break, pull down or injure the fence of another, without his consent, * * * he shall be fined any sum not less than ten nor more than one hundred dollars, and in addition thereto may be imprisoned in the county jail not exceeding one year." He was convicted, and his punishment assessed at a fine of $10.

The evidence discloses that the alleged owner of the fence, Jim Hiner, was notified by appellant in writing, in accordance with the terms of article 797, Penal Code, that he desired to withdraw and separate his fence from that of Hiner. This notice was given to the father of Jim Hiner, requesting him to withdraw his (Hiner's) fence from that of appellant. Subsequent to the notice, appellant constructed a cross fence between the land owned by himself and that owned by Hiner, which adjoined, putting, as he claims, his fence two feet inside the line, and on his land. Subsequent to the expiration of the six months, appellant cut the fence, which resulted in this prosecution. There seems to be two main propositions relied upon by appellant for reversal: (1) That article 794, upon which this conviction was obtained, was enacted for the purpose of protecting land on which agricultural products are raised; (2) that, after the expiration of the six months' notice in writing, he had the right to cut the fence of the party to whom the notice was given, in order to relieve himself from the joint fence. In our opinion, the first of these contentions is not sound. One of the clauses in article 794 clearly bears the construction claimed by appellant in regard to inclosed lands upon which agricultural products are being grown; but this article may be violated in other ways, as an inspection of the statute clearly indicates. If a party breaks or pulls down or injures the fence of another, without his consent, he is guilty under this statute; or if he shall, without the consent of the owner, open and leave open any gate leading into the inclosure of another, he is guilty; or if he shall knowingly cause cattle, hogs, mules, and horses or other stock to go within the inclosed lands of another, without his consent, he is guilty; or if he shall tie or stake out, or cause to be tied or staked out, to graze, within inclosed lands not his own, and without the consent of the owner, any horse, mule, or other animal, he is guilty. So it will be seen that by this clause of the statute, if a party breaks, pulls down, or injures the fence of another, without his consent, he comes within the denunciation of this article.

The second proposition contended for—that is, after the expiration of the notice of six months given in writing the party giving it would have the authority to withdraw his fence from the party to whom the notice is given—is correct under the statute. Article 797, Penal Code, is as follows: "Any person who is the owner or part owner of any fences

connected with or adjoined to any fences owned in part or in whole by any other person, shall have the right to withdraw or separate his fence or part of fence from the fence of any other person or persons in this State; that such person who desires to withdraw or separate such fence from the fence of any other person shall give notice in writing to such person, his agent, attorney or lessee, of his intention to separate or withdraw his fence or part thereof for at least six months prior to the time of such intended withdrawal or separation." A notice in writing was given. Subsequent to the expiration of the six months, appellant cut his fence loose from that of the prosecuting witness. Under this phase of the law appellant would not be guilty of any offense in cutting his fence loose from that of the adjoining fence owner. There is no punishment denounced for such act, and the law would seem to authorize such action.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*